UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>                Plaintiff,<br>    v.<br>CARY S. COLLINS,<br>               Defendant. | Case No. 15-cr-00533-RS-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEVER COUNTS** |

## I. INTRODUCTION

Defendant Cary S. Collins has been indicted on four counts of wire fraud, four counts of money laundering, and one count of filing a false tax return. He now moves to sever the tax count from the other counts. For the reasons that follow, the motion is granted and the tax count is severed.

## II. BACKGROUND

Collins is an accountant and the sole proprietor of Collins & Associates, a San Francisco accounting and business management firm. In October 2011, Collins allegedly prepared and filed a false 2010 tax return on behalf of his client "J.S." According to the government, the tax return represented that a $275,000 payment to the IRS was included, although Collins knew that there was no such payment.

Later, from February 2012 to April 2013, Collins allegedly engaged in a scheme to defraud another client, "J.K." According to the government, Collins encouraged J.K. to open an RBC Wealth Management investment account, and instructed J.K. to wire a total of $1,325,000 to Collins & Associates so that it could be transferred into the RBC account. The government alleges Collins never transferred J.K.'s money, but instead used it for personal expenses ―

including payment on his own rental property in Hawaii, repayment of Collins' debts, and payment of taxes and penalties for J.S.

On the basis of these alleged activities, the government returned an indictment against Collins on November 17, 2015. It charges him with four counts of wire fraud under 18 U.S.C. § 1343, four counts of money laundering under 18 U.S.C. § 1957, and one count of aiding and assisting in preparing a false tax return under 26 U.S.C. § 7206(2) ("the tax count"). One of the money laundering counts ("money laundering count 8") is based on the allegation Collins paid $300,000 of J.K's money to the IRS for taxes and penalties owed by J.S. The indictment seeks criminal forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) , 982(a)(1) and 28 U.S.C. § 2461(c). Collins now moves to sever the tax count from the other counts in the indictment.

## III. LEGAL STANDARD

An "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) (citations omitted). "If the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "Even if counts are correctly joined initially under Rule 8(a), the district court may still sever the counts under Rule 14 if joinder is manifestly prejudicial." *Id.* (citations and internal quotation marks omitted). *United States v. Prigge*, 830 F.3d 1094, 1098 (9th Cir. 2016).

## IV. DISCUSSION

Collins argues Rule 8 does not support joinder of the tax count with the wire fraud and money laundering counts, and that combining them would prejudice him at trial. The government disagrees, arguing joinder is proper because the tax count, money laundering count 8, and the wire

fraud counts underlying money laundering count 8 are part of a common plan or scheme.[1]  It also argues joinder presents no risk of prejudice to Collins.

### A.  Common Plan or Scheme

The government's argument for the existence of a common scheme emphasizes that Collins allegedly defrauded J.K. by converting her money to his own uses for, among other things, paying the IRS for J.S.'s delinquent taxes owed in connection with the 2010 tax return.  According to the government, evidence of the false 2010 tax return filed on behalf of J.S. will be used to establish Collins' motive for defrauding J.K.  This line of argument has some intuitive appeal, but it has two flaws.  For one thing, Collins could have had a motive to pay the IRS $300,000 for J.S.'s taxes even if no false return had ever been filed; J.S could have simply owed back taxes. *See United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007) (asking "whether [c]ommission of one of the offenses . . . either *depended upon* . . . or *necessarily led to* the commission of the other; [whether] proof of the one act . . . either constituted . . . or depended upon proof of the other") (emphasis added) (internal quotation marks omitted) (alteration in original).

Moreover, the government's theory of a common plan or scheme cannot be constructed "solely by the allegations in the indictment." *Terry*, 911 F.2d at 276.  The indictment clearly alleges a common plan or scheme as it relates to the wire fraud and money laundering counts:  "It was a further part of the scheme to defraud that COLLINS used J.K.'s money for personal expenses, including . . . payment of taxes and penalties for another of COLLINS' clients, J.S." Indictment ¶ 9.  Later, it clearly alleges Collins prepared and filed a 2010 tax return for J.S., and that "[t]he return was false and fraudulent as to material matters, in that it represented that a payment of $275,000 had been included with a request for extension to file when in truth, as the defendant then knew, no payment was included." *Id.* ¶ 15.  Nowhere, however, does the indictment allege that the $300,000 payment to the IRS that forms the basis of money laundering

---

[1] It also claims the tax count, money laundering count 8, and the wire fraud counts underlying money laundering count 8 are based on the same acts, but its argument is entirely focused on Rule 8(a)'s "common scheme or plan" theory of joinder.

count 8 was for the taxes due as a result of the false 2010 tax return. In essence, the government invites an inference of a common plan or scheme based on facts not alleged in the indictment. The law is clear: "the validity of the joinder is determined *solely* by the allegations *in the indictment*." *Terry*, 911 F.2d at 276 (emphasis added).

Most importantly, even if the government's theory was clearly established in the indictment, it is doubtful it would sufficiently allege the existence of a common scheme for the purposes of Rule 8. This is because the government has not alleged that, at the time Collins filed the false 2010 tax return, he intended to pay J.S.'s taxes with funds he would fraudulently obtain from J.K. Instead, the government's allegations suggest the false tax return was a standalone crime, complete at the time the tax return was filed. That Collins later paid J.S.'s taxes with J.K.'s money cannot retroactively establish the existence of a common scheme. If the government's allegations are true, and Collins defrauded one client to pay another client's taxes that he had earlier failed to pay, then he engaged in criminal opportunism rather than acting in furtherance of a criminal scheme. *See Jawara*, 474 F.3d at 574. Thus, the tax count was improperly joined under Rule 8(a) and must be severed. Because Rule 8(a) provides an independent basis for severance, Collins' prejudice argument need not be considered.

## V.  CONCLUSION

For the foregoing reasons, defendant's motion is granted and the tax count is severed.

**IT IS SO ORDERED**.

Dated: October 26, 2016

_____
RICHARD SEEBORG
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO SEVER COUNTS
CASE NO. 15-cr-00533-RS-1
4